# Exhibit A



**Orrick, Herrington & Sutcliffe LLP**

2100 Pennsylvania Avenue, N.W.
Washington, DC 20037

+1 202 339 8400

**orrick.com**

**David McGill**

**E** dmcgill@orrick.com
**D** +1 202 339 8666
**F** +1 202 339 8500

February 3, 2026

**BY EMAIL**
George E. Kostel, Esq.
Impresa Legal Group
3101 Wilson Blvd., Suite 500
Arlington, VA 22201
georgekostel@impresalegal.com

Re: *Ridley et al. v. Sweepsteaks Ltd. d/b/a Stake.us, et al.*, No. 1:25-cv-02511 (E.D. Va.)

Dear Mr. Kostel:

On behalf of Sweepsteaks Ltd. ("Stake.us"), we write to notify you that we intend to move for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") in the above-referenced action unless your clients withdraw their frivolous December 31, 2025 Complaint (the "Complaint" or "Compl.") against Stake.us. At a minimum, we intend to seek sanctions up to and including payment of our client's reasonable attorneys' fees and other expenses required to defend against the Complaint's frivolous legal claims and unsupported (and, in many cases, gratuitous) factual allegations.

As you are aware as an officer of the Court, in filing the Complaint, you certified to the Court that you conducted a reasonable inquiry and determined to the best of your knowledge, information, and belief that (1) the Complaint was not being filed for an improper purpose, (2) the specific claims and other legal contentions asserted in the Complaint are warranted by existing law or otherwise supported by non-frivolous arguments for challenging existing law or establishing new law, and (3) there is evidentiary support for the factual contentions made.[1] *See* Rule 11(b). It is clear from the face of the Complaint, however, that you failed to satisfy these basic obligations.

*First*, the Complaint purports to assert claims against Stake.us on behalf of putative classes, but Plaintiffs expressly waived their class action claims pursuant to Plaintiffs' and putative class members' agreement to Stake.us's Terms and Conditions ("Terms").[2] Moreover, even if the

---

[1] Rule 11(b)(3) provides that an attorney may also certify, by filing a pleading, that the pleading "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," but only "if specifically so identified."

[2] The ("Terms"), *available at* https://stake.us/policies/terms. The Terms are also expressly referenced in the Complaint. Compl. ¶ 37. This letter references and quotes Version 13 of the Terms, effective as of August 12, 2025, which Stake.us's records evince was the version of the Terms in effect when Plaintiff Tiffany Hines created her account. Stake.us has no records of any accounts associated with Plaintiff LaShawnna Ridley, but the Terms' arbitration provisions are substantially similar across all versions with respect to the issues raised in this letter.



George E. Kostel, Esq.
February 3, 2026

Complaint offered some plausible basis for disregarding that express waiver (which it does not), any surviving claims are subject to mandatory arbitration.[3]

As even a cursory investigation of the underlying facts would have revealed, when signing up for a Stake.us account, each user, including Plaintiffs and the putative class members, were presented with and agreed to the Terms. The full Terms are displayed in the account sign-up screen. Users must scroll through the entirety of the Terms and check a box indicating that they have read and agreed to the Terms before they can create an account. The Terms provide that by registering for the Stake.us platform, users "accept these Terms and Conditions" and "enter into a binding agreement with us which applies to your access to, and use of, our Platform and our Games." Terms § 1.



The Terms conspicuously inform users with an "IMPORTANT NOTICE" in capitalized font at the outset of the Terms that "THIS AGREEMENT IS SUBJECT TO BINDING ARBITRATION AND A WAIVER OF CLASS ACTION RIGHTS AS DETAILED IN CLAUSE 26." The Terms further clearly and conspicuously state that they "INCLUDE DISPUTE RESOLUTION PROVISIONS . . . REQUIRING YOU TO PURSUE PAST, PENDING, AND FUTURE DISPUTES BETWEEN YOU AND US THROUGH INDIVIDUAL ARBITRATION." *Id.* § 2.6. This includes "any and all past, present and future disputes, claims or causes of action between you and Stake … *which arise out of or are related in any way to … your Participation in or other access to or use of the Games or the Platform*"—precisely the basis for the claims asserted

---

[3] Stake expressly reserves and does not waive its right to arbitrate the claims asserted in the Complaint.



George E. Kostel, Esq.
February 3, 2026

in the Complaint, which expressly arise from Plaintiffs' "participat[ion] … on the Stake platform," *Id*. §§ 26.3 (emphasis added); Compl. ¶ 20.  Moreover, Stake.us's Terms clearly and conspicuously state that "THESE TERMS . . . INCLUDE[] A PROVISION WAIVING YOUR RIGHT TO PURSUE ANY CLASS, GROUP OR REPRESENTATIVE CLAIM."   Terms § 2.6.  That provision provides that "BY AGREEING TO THESE TERMS, YOU ACKNOWLEDGE THAT YOU AND STAKE EACH WAIVE THE RIGHT TO: (1) A JURY TRIAL; AND (2) PARTICIPATE IN A CLASS ACTION." *Id*. § 26.8(b).

Because the Terms must be agreed to before a user may create an account, the Terms constitute, at the least, a "clickwrap" agreement, where a website presents "users with specified contractual terms on a pop-up screen and users must check a box explicitly stating 'I agree' in order to proceed." *Austin v. Experian Info. Sols*., *Inc*., 148 F.4th 194, 207 (4th Cir. 2025) (characterizing these agreements as "provid[ing] certainty that the terms have been read … and that the user has indicated their assent"). Courts routinely enforce these types of clickwrap agreements, including agreements to arbitrate claims on an individual basis. *See Montoya v. King.com Ltd*., No. 3:23CV314, 2024 WL 1680028, at *5 (E.D. Va. Apr. 18, 2024) (collecting cases). In fact, the Terms "go one step further" than clickwrap agreements by requiring users "to scroll through the terms before checking a box … to indicate their assent," thus constituting a "scrollwrap agreement," which "are consistently found to be enforceable." *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444, 470 (2021). Indeed, courts have compelled claims to arbitration under the very Terms at issue here.  *See, e.g.*, *M.M. v. Sweepsteakes Ltd*., No. CV 25-11481-RGS, 2025 WL 3240413, at *1 (D. Mass. Nov. 20, 2025) (enforcing Stake.us Terms and Conditions and sending issue of arbitrability to arbitrator).

Accordingly, Plaintiffs and all putative class members agreed to mandatory arbitration of the claims asserted in the Complaint.  Plaintiffs further expressly waived any claims on behalf of any putative class, whether a class of "[a]ll persons in the United States" or, "[i]n the alternative," "[a]ll persons in Virginia" who "created an account on or accessed Stake.us and purchased Gold Coins bundled with Stake Cash." Compl. ¶¶ 20, 80-81.  Filing claims in court that are, as here, clearly subject to arbitration warrants Rule 11 sanctions and gives risk to counterclaims for breach of contract in any subsequent proceeding.[4] *See Multiband Corp. v. Block*, No. 11-15006, 2012 WL 1843261, at *13 (E.D. Mich. May 21, 2012) (sanctioning plaintiff by ordering plaintiff to pay defendant's reasonable attorneys' fees and costs because plaintiff made objectively unreasonable arguments in opposing arbitration: "Plaintiff's counsel should have known that the claims in the

---

[4] Plaintiffs breached the Terms through their failure to comply with Section 26.5, which requires Plaintiffs to "notify [Stake.us] in writing of the nature of your concern and/or Dispute and to try in good faith using best efforts to resolve it" before filing "any … claim of any kind" against Stake.us. Accordingly, Stake.us intends to assert counterclaims in any subsequent proceeding against Plaintiffs for breach of contract to recover fees and costs accrued in defending against litigation claims that Plaintiffs promised not to file before seeking to amicably resolve them.



George E. Kostel, Esq.
February 3, 2026

amended complaint were subject to arbitration."); *Lawrence v. Wilder Richman Sec. Corp.*, 467 F. Supp. 2d 228, 234–35 (D. Conn. 2006) (similar).

*Second*, the Complaint contains allegations regarding Stake.us's supposed "Tipping" feature that appear to relate to the distinct website and entity Stake.com. More specifically, the Complaint asserts that Defendants Drake, Ross, and Nguyen used Stake.us's "Tipping" function to "transfer money between and among themselves" and to bot vendors, allegedly to "create fraudulent streams of Drake's music; fabricate popularity; disparage competitors and music label executives; distort recommendation algorithms; and distribute financing" and "conceal[] the flow of funds." Compl. ¶¶ 9-10. But while the separate and distinct Stake.com has a "tipping" feature, Stake.us's platform contains no mention of any "tipping" function. It is no surprise then that the Complaint contains no facts, such as documentation or transaction records, to support its claims. Courts in this Circuit have found such "wholly conclusory claims" that are "unsupported by factual allegations" to constitute sanctionable conduct under Rule 11. *See Andrews & Lawrence Pro. Servs., LLC v. Bertinelli*, No. 22-1592, 2023 WL 4399233, at *3 (4th Cir. July 7, 2023) (upholding Rule 11 sanctions for allegations that defendant "forced" actions "through intimidation and coercion" with no factual support); *Guidry v. Clare*, 442 F. Supp. 2d 282, 291 (E.D. Va. 2006) (awarding Rule 11 sanctions where claim was "utterly devoid of any factual or legal basis").

*Third*, the Complaint asserts facially defective RICO claims. To state a claim under 18 U.S.C. § 1962, a plaintiff must identify a "pattern of racketeering activity," which requires at least two predicate acts to state a claim for relief, and the plaintiff's injuries must "flow from the commission of the predicate acts." *See Walters v. McMahen*, 684 F.3d 435, 437 (4th Cir. 2012). A private plaintiff "must additionally show that [] he was injured in his business or property [] by reason of the RICO violations." *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 686 (E.D. Va. 2008). The "Fourth Circuit [imposes] a high threshold on what constitutes a properly pled pattern" of predicate acts. W*illiams v. Equity Holding Corp.*, 498 F. Supp. 2d 831, 842 (E.D. Va. 2007); *see also Harris v. Navy Fed. Credit Union*, No. 1:23-CV-00676, 2023 WL 5321083, at *1 (E.D. Va. July 24, 2023) (dismissing RICO claim where "Plaintiffs fail to allege any facts illustrating that Defendant committed two or more predicate acts of racketeering within a ten-year period, nor do they allege how any of Defendant's conduct constitutes a predicate act under the RICO statute").

Here, the Complaint fails to identify a single predicate act by Stake.us. Instead, it relies on unsubstantiated assertions and references to other "public enforcement and consumer actions" with no factual detail or alleged evidence of racketeering activity. *See* Compl. ¶ 93. The Complaint also purports to allege "a pattern of racketeering activity," but then does not identify any such activity other than an unsupported, conclusory allegation about "unlawful gambling-related operations." *Id*. Nor does the Complaint allege how Plaintiffs' business or property were harmed by any such activity—indeed, it defies common sense to allege harm from participation in a social gaming website when Plaintiffs voluntarily decided to sign up for and use the site. Courts have found that such "a bald assertion of the existence of a … RICO violation without the requisite factual basis" violates Rule 11. *See, e.g.*, *Aggarwal v. Sikka*, No. 1:12CV60 TSE/TRJ, 2013 WL 5962996, at *11 (E.D. Va. Nov. 7, 2013); *Giganti v. Gen-X Strategies*, *Inc*., 222 F.R.D. 299, 311 (E.D. Va. 2004)

4



George E. Kostel, Esq.
February 3, 2026

(imposing Rule 11 sanctions where predicate act allegations were "fantastical and preposterous"); *Davis v. Hudgins*, 896 F. Supp. 561, 573 (E.D. Va. 1995), *aff'd*, 87 F.3d 1308 (4th Cir. 1996) (where "facts as alleged by Plaintiff do not support" the "essential elements of a RICO claim," the "complaint therefore violates the requirement that a complaint be well-grounded in fact").

Making matters worse, the Complaint offers few allegations of wrongful conduct by Stake.us and instead devotes most of its allegations to non-sequiturs about music stream botting. This strongly suggests that the litigation is motivated by factors other than "vindicat[ing Plaintiffs'] rights through the judicial process." *See In re Kunstler*, 914 F.2d 505, 520 (4th Cir. 1990) (imposing sanctions where the "primary motives in filing the complaint were to gain publicity" and "embarrass" public figures). Ultimately, the Complaint serves as a paradigmatic example of why courts across the country recognize that "Rule 11's deterrence value is particularly important in the RICO context, as the commencement of a civil RICO action has 'an almost inevitable stigmatizing effect' on those named as defendants." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 660 (S.D.N.Y. 1996); *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 685 (5th Cir. 1989) ("an attorney's responsibility to conduct a reasonable prefiling investigation is particularly important in RICO claims [g]iven the resulting proliferation of civil RICO claims and the potential for frivolous suits in search of treble damages") (citation omitted).

For all these reasons, we urge you to promptly dismiss your clients' meritless Complaint. If you refuse to do so, Stake.us intends to seek the imposition of sanctions against you and your clients for advancing legally and factually frivolous allegations and claims. Fed. R. Civ. P. 11(c)(4) (authorizing the imposition of monetary sanctions encompassing "reasonable attorney's fees and other expenses directly resulting from the violation."). Please respond promptly with your position. In the meantime, Stake.us reserves all rights in this matter.

Sincerely,

/s/ *David H. McGill*
David H. McGill
*Counsel for SWEEPSTEAKS LTD. d/b/a STAKE.US*

cc: Richard K. Kelsey
    richkelsey@impresalegal.com
    Kimberly D. Hinkle
    kim@khinklelaw.com

5