**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| LaShawnna Ridley, Regina Ridley, Tiffany Hines, Stephine Hines, Preddy Ray, Dekeya Adams, Ricola Lawshea, and Latosha Sanderlin (STAKE.US USERS WITHIN THE UNITED STATES), Individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>SWEEPSTEAKS LTD. d/b/a STAKE.US, KICK STREAMING PTY LTD., AUBREY DRAKE GRAHAM p/k/a DRAKE, ADIN ROSS, AND GEORGE NGUYEN,<br><br>      Defendants. | Case No. 1:25-cv-2511-LMB-WEF |

**DEFENDANT SWEEPSTEAKS LTD. d/b/a STAKE.US'S AND
KICK STREAMING PTY LTD.'S
<u>MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
PLAINTIFFS' CLASS ALLEGATIONS</u>**

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ................................................................................................ 1

III. LEGAL STANDARD......................................................................................... 1

IV.  ARGUMENT...................................................................................................... 2

    a.   Plaintiffs Cannot Maintain a Rule 23(b)(2) Class Where Injunctive and Declaratory Relief Is Not the Predominant Remedy Sought. ............................... 3

    b.   Plaintiffs' Rule 23(b)(3) Classes Fail on the Pleadings. ....................................... 4

    c.   Plaintiffs Cannot Satisfy Rule 23(a)'s Commonality, Typicality, or Adequacy Requirements ...................................................................................... 5

        i.    Plaintiffs Cannot Establish Commonality Under Rule 23(a)(2) ................ 5

        ii.   Plaintiffs Lack Typicality and Adequacy Under Rule 23(a)(3)................. 6

V.   CONCLUSION................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997)..................................................................................................5

*Basic Inc. v. Levinson*,
   485 U.S. 224 (1988)..................................................................................................4

*Berry v. Schulman*,
   807 F.3d 600 (4th Cir. 2015) ....................................................................................3

*Bigelow v. Syneos Health, LLC*,
   No. 5:20-CV-28-D, 2020 WL 5078770 (E.D.N.C. Aug. 27, 2020) ..........................7

*Cashatt v. Ford Motor Co.*,
   No. 3:19-CV-05886-RBL, 2020 WL 1987077 (W.D. Wash. Apr. 27, 2020) ...........4

*Melton ex rel. Dutton v. Carolina Power & Light Co.*,
   283 F.R.D. 280 (D.S.C. 2012) ...............................................................................6, 7

*Ellison v. Inova Health Care Servs.*,
   692 F. Supp. 3d 548 (E.D. Va. 2023) .......................................................................2

*EQT Prod. Co. v. Adair*,
   764 F.3d 347 (4th Cir. 2014) ....................................................................................5

*Erica P. John Fund, Inc. v. Halliburton Co.*,
   563 U.S. 804 (2011)..................................................................................................4

*Gariety v. Grant Thornton, LLP*,
   368 F.3d 356 (4th Cir. 2004) .................................................................................4, 6

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982)..................................................................................................6

*Lienhart v. Dryvit Sys., Inc.*,
   255 F.3d 138 (4th Cir. 2001) .................................................................................6, 8

*Morris v. Wachovia Sec., Inc.*,
   223 F.R.D. 284 (E.D. Va. 2004) ...............................................................................4

*Naiman v. Alle Processing Corp.*,
   706 F. Supp. 3d 892 (D. Ariz. 2020) ........................................................................5

*Nestler v. Bishop of Charleston*,
   No. CV 2:21-613-RMG, 2022 WL 884237 (D.S.C. Mar. 24, 2022) ........................................7

*Stanley v. Cent. Garden & Pet Corp.*,
   891 F. Supp. 2d 757 (D. Md. 2012) ....................................................................................4

*Thorn v. Jefferson-Pilot Life Ins. Co.*,
   445 F.3d 311 (4th Cir. 2006) ..........................................................................................2, 3

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)........................................................................................................3, 5

*Waters v. Electrolux Home Prod., Inc.*,
   No. 5:13CV151(STAMP), 2016 WL 3926431 (N.D. W. Va. July 18, 2016) ..........................2

*Williams v. Potomac Family Dining Grp. Operating Co., LLC*,
   No. GJH-19-1780, 2019 WL 5309628 (D. Md. Oct. 21, 2019)...............................................2

*Woodward v. GEICO Advantage Ins. Co.*,
   No. CV GLR-21-952, 2022 WL 2953053 (D. Md. July 25, 2022) .........................................7

**Statutes**

Racketeer Influenced and Corrupt Organizations Act (RICO)....................................................3, 4

Virginia Consumer Protection Act (VCPA), Va. Code § 59.1-204..........................................2, 4, 7

**Other Authorities**

Fed. R. Civ. P. 11..........................................................................................................................6

Fed. R. Civ. P. 12(f).....................................................................................................................1, 2

Fed. R. Civ. P. 23(a) .................................................................................................................2, 3, 5, 6

Fed. R. Civ. P. 23(b) ...............................................................................................................2, 3, 4, 5, 6

Fed. R. Civ. P. 23(d)(1)(D) ...........................................................................................................1

5 Moore's Federal Practice § 23.43 (2026) ....................................................................................3

## I.    INTRODUCTION

Plaintiffs, who claim to be Virginia citizens, want Defendant Sweepsteaks Ltd. d/b/a Stake.us ("Stake.us") and Kick Streaming Pty Ltd. ("Kick") (collectively, "Moving Defendants") to pay them and an entire nationwide class, or "in the alternative," a Virginia class, of Stake.us account holders and users for the money they spent and lost playing games on Stake.us's online social gaming platform.  But Plaintiffs' claims are not appropriate for class treatment.  Plaintiffs' claims boil down to this: they would not have signed up for an account to play Stake.us games if they had known it was "illegal" in Virginia and, they allege, financed "fraudulent streams" of music by world-renowned musical artist Drake that "fabricate[s] [his] popularity."  *See* First Amended Complaint ("FAC"), ECF No. 9 ¶¶ 11, 42.  But their fraud claims—whether under federal or Virginia law—require highly individualized inquiries antithetical to class treatment. Moreover, Plaintiffs cannot adequately represent a class of Stake.us users "who created an account on *or accessed* Stake.us"—implicating users who used *someone else's account* to access Stake.us—and "purchased Gold Coins bundled with Stake Cash and made and lost one or more wagers using Stake Cash within the last three years," *Id.* ¶¶ 137, 138 (emphasis added), when Plaintiffs allege they signed up for accounts and merely "spent money on the [Stake.us] platform." *Id.* ¶¶ 15, 25, 91. Plaintiffs' claims are inappropriate for class treatment and should be stricken.

## II.    BACKGROUND

Moving Defendants incorporate by reference the Background Section in Stake.us's Motion to Dismiss. *See* Def.  Stake.us's Mem.  in Supp.  of Mot.  to Dismiss ("Stake.us Mot.") at 2-5, ECF No. 19.

## III.    LEGAL STANDARD

Under Rule 12(f), courts may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); *see also* Fed. R.

1

Civ. P. 23(d)(1)(D) ("[T]he court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons.").  This includes putative class actions "where the pleadings make clear that the proposed class cannot be certified and no amount of discovery would change that determination." *Waters v. Electrolux Home Prod., Inc.*, No. 5:13CV151(STAMP), 2016 WL 3926431, at *4 (N.D. W. Va.  July 18, 2016); *Ellison v. Inova Health Care Servs.*, 692 F. Supp. 3d 548, 565 (E.D. Va. 2023) (striking class claims where putative class did not "share a question whose answer will resolve an issue . . . in one stroke" as required by Rule 23(a)); *Williams v. Potomac Family Dining Grp.  Operating Co., LLC*, No.  GJH-19-1780, 2019 WL 5309628, at *5 (D.  Md.  Oct.  21, 2019) (similar).

## IV.    ARGUMENT

Plaintiffs' class allegations should be stricken under Rule 12(f) because Plaintiffs cannot maintain any class based on the allegations in their FAC.  Plaintiffs seek to certify their putative class action under "Rule 23(b)(2), and/or 23(b)(3)."  FAC ¶ 184(a).  A putative class cannot be certified unless they satisfy all of Rule 23(a)'s prerequisites and one of Rule 23(b)'s requirements. *See Thorn v.  Jefferson-Pilot Life Ins.  Co.*, 445 F.3d 311, 318 (4th Cir. 2006).  Rule 23(b)(2) class certification does not cover cases "where the primary claim is for damages" and "is only applicable where the relief sought is predominantly injunctive or declaratory." *Id.* at 329 (quotation omitted). Under Rule 23(b)(3), class certification is proper where "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ.  P.  23(b)(3).

First, Plaintiffs cannot maintain their proposed Rule 23(b)(2) classes because they primarily seek monetary, rather than injunctive relief.  Second, Plaintiffs' proposed Rule 23(b)(3) classes fail on the pleadings because their Virginia Consumer Protection Act (VCPA) and

Racketeer Influenced and Corrupt Organizations Act (RICO) claims are predominated by individualized inquiries on what influenced each Plaintiff to play games on Stake.us and whether any underlying conduct actually occurred in Virginia. Finally, Plaintiffs cannot satisfy Rule 23(a)'s commonality, typicality, and adequacy requirements either.

### a. Plaintiffs Cannot Maintain a Rule 23(b)(2) Class Where Injunctive and Declaratory Relief Is Not the Predominant Remedy Sought.

"Rule 23(b)(2) does not cover cases where the primary claim is for damages," as is the case here. *See Thorn*, 445 F.3d at 329 (quotation omitted). Instead, it only applies "where the relief sought is . . . predominantly injunctive or declaratory." *Id.* (quotation omitted); Fed. R. Civ. P. 23(b)(2). Indeed, "only when a single injunction or declaratory judgment would provide relief to each member of the class" is a Rule 23(b)(2) class action is appropriate. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011). Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Id.*; *Berry v. Schulman*, 807 F.3d 600, 609 (4th Cir. 2015).

Here, Plaintiffs primarily seek monetary relief to redress "financial losses for the amount they paid [S]take.us for Gold Coins or Stake Cash, as well as the money lost on that gambling." FAC ¶ 158(a). They claim entitlement to "not less than $5,000,000," restitution and disgorgement, and "all available damages," including statutory, compensatory, consequential, punitive, and enhanced damages, as well as attorneys' fees and costs. *Id.* ¶¶ 184(b)-(c), (e). They further seek "injunctive and declaratory relief to prevent further unlawful conduct," but only explicitly demand a declaration that Stake.us's arbitration and class waiver provisions are unenforceable. *See id.* ¶ 184(d). But even if Plaintiffs successfully obtained such declaratory relief (and they should not), it would not redress Plaintiffs' claimed financial losses. Monetary relief is central to Plaintiffs' claims and predominant in their FAC, rendering Rule 23(b)(2) class treatment inappropriate. *See*

3

5 Moore's Federal Practice § 23.43 (2026) ("Claims for monetary relief may not be certified under Rule 23(b)(2), unless the monetary relief is 'incidental' to the injunctive relief."); *see, e.g.*, *Stanley v. Cent. Garden & Pet Corp.*, 891 F. Supp. 2d 757, 770 (D. Md. 2012) (granting motion to strike allegations in support of a Rule 23(b)(2) class where Plaintiffs sought monetary relief under each claim).

### b.  Plaintiffs' Rule 23(b)(3) Classes Fail on the Pleadings.

It is clear from the face of the FAC that Plaintiffs cannot maintain a Rule 23(b)(3) class because individualized reliance is a necessary element of Plaintiffs' claims—a death knell to Rule 23(b)(3)'s predominance and superiority requirements.   When considering whether common issues predominate, a court begins with "the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co*., 563 U.S. 804, 809 (2011).   "Requiring proof of individualized reliance from each member of [a] proposed plaintiff class effectively would . . . prevent[ ] [plaintiffs] from proceeding with a class action" because individual issues would overwhelm common ones.  *Morris v. Wachovia Sec., Inc*., 223 F.R.D. 284, 301 (E.D. Va. 2004) (quoting *Basic Inc. v. Levinson*, 485 U.S. 224, 242 (1988)).  *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 362 (4th Cir. 2004) ("Because proof of reliance is generally individualized to each plaintiff allegedly defrauded, fraud and negligent misrepresentation claims are not readily susceptible to class action treatment, precluding certification of such actions as a class action.") (citation omitted); *Cashatt v. Ford Motor Co*., No. 3:19-CV-05886-RBL, 2020 WL 1987077, at *5 (W.D. Wash. Apr. 27, 2020) ("At the pleadings stage, courts have struck class allegations where an element to the plaintiff's claims," like reliance, "inherently involves individualized inquiries.") (collecting cases).

Here, Plaintiffs' VCPA and RICO claims sound in fraud and turn on what purported misrepresentations each Plaintiff relied on to register for and use Stake.us—if any.  *See* Stake.us

Mot. at 16-24. The FAC not only fails to satisfy these minimum pleading requirements for even one Plaintiff, but its proposed Rule 23(b)(3) class also wrongly presupposes that proving Plaintiffs' claims does not require individualized inquiries into the representations on which Plaintiffs relied. *See* Stake.us Mot. at 16-24. Moreover, insofar as Plaintiffs purport to represent a nationwide class in pressing claims that turn on the legality of the Platform, *see, e.g.*, FAC ¶¶ 144(b), 156(a), each class member's claims require individualized inquiries into, among other things, whether the Platform is legal in the state where they viewed and relied on misrepresentations about the Platform. Individual issues, rather than common ones, thus necessarily predominate Plaintiffs' claims and foreclose certification of a Rule 23(b)(3) class. Plaintiffs' class claims should be stricken accordingly. *See, e.g.*, *Naiman v. Alle Processing Corp.*, 706 F. Supp. 3d 892, 903 (D. Ariz. 2020) (striking class allegations at the pleading stage where individual issues would predominate for fraud claims).

### c. Plaintiffs Cannot Satisfy Rule 23(a)'s Commonality, Typicality, or Adequacy Requirements

It is apparent from the face of the FAC that Plaintiffs cannot satisfy threshold requirements of commonality or typicality under Rule 23(a) either. Rule 23(a) requires, among other things, that there are questions of law or fact common to the class, along with claims or defenses of the representatives typical of those of the entire class, as necessary to ensure that representative plaintiffs fairly and adequately protect class interests. Fed. R. Civ. P. 23(a); *EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014); *see also Wal-Mart Stores,* 564 U.S. at 349. As explained below, no amount of discovery can cure Plaintiffs' inability to satisfy these requirements and this inability thus provides an independent basis for striking Plaintiffs' class claims.

### i. Plaintiffs Cannot Establish Commonality Under Rule 23(a)(2)

Rule 23(b)(3)'s predominance requirement is similar to but "far more demanding" than Rule 23(a)'s commonality requirement." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997); *Gariety*, 368 F.3d at 362 (4th Cir. 2004); *Melton ex rel. Dutton v. Carolina Power & Light Co.*, 283 F.R.D. 280, 288 (D.S.C. 2012). Here, Plaintiffs' failure to satisfy Rule 23(b)(3)'s predominance requirement necessarily means that they cannot satisfy Rule 23(a)'s commonality requirement either. *See Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 n.4 (4th Cir. 2001) (finding Rule 23(a)'s commonality requirement to be "subsumed under, or superseded by, the more stringent Rule 23(b)(3) [predominance] requirement").

### ii.    Plaintiffs Lack Typicality and Adequacy Under Rule 23(a)(3)

First, "a class representative must be part of the class and possess the same interest and suffer the same injury," unlike Plaintiffs here. *See Lienhart*, 255 F.3d at 146 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)). Plaintiffs purport to represent class members "who created an account on *or accessed* Stake.us" and "purchased Gold Coins bundled with Stake Cash and made and lost one or more wagers using Stake Cash within the last three years." FAC ¶ 137 (emphasis added). Although Stake.us has identified only one named Plaintiff that "signed up" for a Stake.us account, Plaintiffs nonetheless allege they all signed up for accounts. *Id.* ¶¶ 14, 15, 25; Jarrod Anthony Febbraio Decl. in Supp. of Defs.' Mot. to Compel Arbitration ¶ 6-7, ECF No. 17-1. Assuming Plaintiffs' counsel complied with their Rule 11 obligations and crediting those allegations as true for purposes of this motion, the FAC proposes Rule 23(a) classes that include members who "created an account on *or accessed* Stake.us," such as those who used Stake.us via accounts created by another person. *See* FAC ¶ 137 (emphasis added). This is a material divergence from Plaintiffs' claims, with profound implications for those class members' claims and defenses that Plaintiffs do not share and, thus, cannot adequately represent. Underscoring the

6

obvious lack of alignment, the FAC does not allege that Plaintiffs "purchased Gold Coins bundled with Stake Cash and made and lost one or more wagers using Stake Cash within the last three years"—a key prerequisite for the class members that they propose to represent.

Second, for the same reasons that individual questions predominate over common questions, Plaintiffs cannot possess the same interest as class members. Simply put, if the Platform is legal in a state where a putative member of the national class signed up for Stake.us, Stake.us cannot be liable for misrepresenting its legality. And defining a class in such a way as to require a threshold determination as to the baseline validity of the claim, as Plaintiffs propose here, would require the Court to prematurely tread into the merits of a claim and necessitate extensive, individualized fact findings that do not align with class treatment. *See, e.g.*, *Nestler v. Bishop of Charleston*, No. CV 2:21-613-RMG, 2022 WL 884237, at *3-5 (D.S.C. Mar. 24, 2022) (finding "fail-safe" class requiring the court to determine the validity of a potential class member's claim "improper"); *Dutton*, 283 F.R.D. at 289 (proposed class not ascertainable where membership in class depended on validity of defendant's easements); *Bigelow v. Syneos Health, LLC*, No. 5:20-CV-28-D, 2020 WL 5078770, at *4-5 (E.D.N.C. Aug. 27, 2020) (striking fail-safe class and collecting cases).

Finally, Plaintiffs have not alleged the same or similar injury. In *Woodward*, the court struck plaintiff's class claims where plaintiff did not "suffer[] the same injury" as any class members who could only recover *actual* damages under New Mexico's consumer protection law. *Woodward v. GEICO Advantage Ins. Co*., No. CV GLR-21-952, 2022 WL 2953053, at *14 (D. Md. July 25, 2022). The same is true here. Plaintiffs assert VCPA claims, which allow recovery of only *actual* damages or $500, whichever is greater. Va. Code § 59.1-204. Ironically, even as they fail to allege that they lost money by purchasing and using Gold Coins or Stake Cash on the

Platform, Plaintiffs acknowledge that they are entitled to "financial losses for the amount *they paid* [S]take.us for Gold Coins or Stake Cash, *as well as the money lost on that gambling*."  FAC ¶ 158(a) (emphasis added).  By Plaintiffs' own admission, therefore, calculating damages requires individualized proof of each class member's actual losses, precluding class treatment.  *See Lienhart,* 255 F.3d at 147 ("[T]he need for individualized proof of damages may defeat predominance where proof of damages is essential to liability.") (citations omitted).  Their claims should be stricken accordingly.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs' class claims should be stricken.

Dated:  May 6, 2026

Respectfully submitted,

By: */s/ Hillary Dang*
    Hillary Dang (VSB No. 92188)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    2100 Pennsylvania Avenue NW
    Washington, DC 20037
    Telephone: (202) 339-8400
    Facsimile: (202) 339-8500
    hdang@orrick.com

    David McGill*
    Diana Szego Fassbender*
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    2100 Pennsylvania Avenue NW
    Washington, DC 20037
    Telephone: (202) 339-8400
    Facsimile: (202) 339-8500
    dmcgill@orrick.com
    dszego@orrick.com

    Paige Pavone*
    Marc R. Shapiro*
    ORRICK HERRINGTON & SUTCLIFFE LLP
    51 West 52nd Street
    New York, New York 10019
    Telephone: (212) 506-5000
    Facsimile: (212) 506-5151
    ppavone@orrick.com
    mrshapiro@orrick.com

    *Pro Hac Vice forthcoming*

    *Attorneys for Defendants Sweepsteaks Ltd. d/b/a Stake.us and Kick Streaming Pty. Ltd.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2026, I electronically filed the foregoing Motion to Strike

Plaintiffs' Class Allegations on behalf of Defendants Stake.us and Kick with the Clerk of the Court

for the United States District Court for the District of Eastern Virginia using the CM/ECF system.

*/s/ Hillary Dang*

Hillary Dang