**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| LASHAWNNA RIDLEY, REGINA RIDLEY, TIFFANY HINES, STEPHINE HINES, PREDDY RAY, DEKEYA ADAMS, RICOLA LAWSHEA, AND LATOSHA SANDERLIN (STAKE.US USERS WITHIN THE UNITED STATES), INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> SWEEPSTEAKS LTD. d/b/a STAKE.US, KICK STREAMING PTY LTD., AUBREY DRAKE GRAHAM p/k/a DRAKE, ADIN ROSS, AND GEORGE NGUYEN, <br><br> Defendants. | Case No. 1:25-cv-2511-LMB-WEF |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS SWEEPSTEAKS LTD. d/b/a STAKE.US AND
<u>KICK STREAMING PTY LTD.'S MOTION TO STRIKE CLASS ALLEGATIONS</u>**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND...................................................................... 2

ARGUMENT ............................................................................................................................... 3

I.    MOVING DEFENDANTS' MOTION UNDER RULE 12(F) IS PROCEDURALLY IMPROPER................................................................................................................. 3

II.   MOVING DEFENDANTS HAVE NOT MET THEIR BURDEN TO STRIKE THE CLASS ALLEGATIONS ........................................................................................ 3

    A.   Plaintiffs Have Plausibly Alleged All Rule 23(a) Prerequisites ........................................ 5

    B.   Moving Defendants Cannot Demonstrate That Individualized Issues Will Predominate .. 7

    C.   Moving Defendants Have Not Shown That Monetary Relief Predominates Over Equitable Relief .......................................................................................................... 10

III.  ANY PURPORTED DEFICIENCIES CAN BE ADDRESSED THROUGH DISCOVERY AND CLASS REFINEMENT ............................................................... 11

CONCLUSION............................................................................................................................. 12

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albert v. Global TelLink Corp.*,
2025 WL 1650397 (D. Md. June 11, 2025) ..............................................................4, 9

*Albert v. Global TelLink Corp.*,
68 F.4th 906 (4th Cir. 2023) ........................................................................................8

*Berl v. BMW of North America, LLC*,
797 F. Supp. 3d 621 (W.D. Va. 2025) .........................................................................9

*Berry v. Schulman*,
807 F.3d 600 (4th Cir. 2015) .....................................................................................10

*Blagman v. Apple Inc.*,
2013 WL 2181709 (S.D.N.Y. May 20, 2013) ............................................................4

*Bridge v. Phoenix Bond & Indemnity Co.*,
553 U.S. 639 (2008) .....................................................................................................8

*Bryant v. King's Creek Plantation, L.L.C.*,
2020 WL 6876292 (E.D. Va. June 22, 2020) ............................................................11

*Clark v. Milam*,
152 F.R.D. 66 (S.D.W. Va. 1993) ...............................................................................3

*Dix v. Constr. Metal Prods., Inc.*,
2016 WL 4435276 (W.D. Va. Aug. 19, 2016) .............................................................3

*Melton ex rel. Dutton v. Carolina Power & Light Co.*,
283 F.R.D. 280 (D.S.C. 2012) ..................................................................................11

*Fobbs v. Hunt*,
2021 WL 1792087 (E.D. Va. May 5, 2021) .................................................... *passim*

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982) ......................................................................................................6

*Goodman v. Schlesinger*,
584 F.2d 1325 (4th Cir. 1978) ...........................................................................4, 5, 7

*Hogans v. Charter Commc'ns, Inc.*,
563 F. Supp. 3d 464 (E.D.N.C. 2021) .........................................................................5

ii

*Int'l Woodworkers of Am., AFL-CIO, CLC v. Chesapeake Bay Plywood Corp.*,
    659 F.2d 1259 (4th Cir. 1981) ....................................................................................4

*Jackson v. United States*,
    2015 WL 5174238 (S.D.W. Va. Sept. 2, 2015) .........................................................3

*Lienhart v. Dryvit Sys., Inc.*,
    255 F.3d 138 (4th Cir. 2001) ...................................................................................6, 8

*McArdle Fam. P'ship v. Antero Res. Corp.*,
    2024 WL 1287617 (N.D.W. Va. Mar. 26, 2024).........................................................4

*Messner v. Northshore Univ. HealthSys.*,
    669 F.3d 802 (7th Cir. 2012) ...................................................................................11

*Mullin v. Capital One Services, LLC*,
    2025 WL 2772478 (E.D. Va. Sept. 26, 2025)............................................................4

*Oliver v. Navy Federal Credit Union*,
    167 F.4th 106 (4th Cir. 2026) .......................................................................3, 4, 5, 11

*Stanley v. Central Garden & Pet Corp.*,
    891 F. Supp. 2d 757 (D. Md. 2012).........................................................................11

*Thorn v. Jefferson-Pilot Life Ins. Co.*,
    445 F.3d 311 (4th Cir. 2006) .....................................................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)..........................................................................................5, 10, 11

*Waste Mgmt. Holdings, Inc. v. Gilmore*,
    252 F.3d 316 (4th Cir. 2001) .....................................................................................3

*Waters v. Electrolux Home Prods., Inc.*,
    2016 WL 3926431 (N.D.W. Va. July 18, 2016)......................................................1, 4

*Woodward v. GEICO Advantage Ins. Co.*,
    2022 WL 2953053 (D. Md. July 25, 2022).............................................................9, 10

**Statutes**

18 U.S.C. § 1343.........................................................................................................8

18 U.S.C. § 1955.........................................................................................................8

18 U.S.C. § 1956.........................................................................................................8

18 U.S.C. § 1957.........................................................................................................8

iii

18 U.S.C. § 1962(c) ...........................................................................................................2

18 U.S.C. § 1962(d) ...........................................................................................................2

Va. Code § 59.1-196 ..........................................................................................................2

**Rules**

Fed. R. Civ. P. 23(a) ..........................................................................................................5

Fed. R. Civ. P. 23(a)(1) ......................................................................................................7

Fed. R. Civ. P. 23(a)(2) ......................................................................................................5

Fed. R. Civ. P. 23(a)(3) ......................................................................................................6

Fed. R. Civ. P. 23(a)(4) ......................................................................................................6

Fed. R. Civ. P. 23(b)(2) ................................................................................................10, 11

Fed. R. Civ. P. 23(b)(3) ......................................................................................................7

## PRELIMINARY STATEMENT

Defendants Sweepsteaks Ltd. d/b/a Stake.us ("Stake.us") and Kick Streaming Pty Ltd. ("Kick," together with Stake.us, "Moving Defendants") ask this Court to take the extraordinary step of striking Plaintiffs' class allegations before a single document has been produced, a deposition taken, or expert retained. Their motion (the "Motion") is premature. By Moving Defendants' own standard, class allegations may be stricken only where "the pleadings make clear that the proposed class cannot be certified and *no amount of discovery* would change that determination." ECF No. 23 ("Mov. Br.") at 2 (citing *Waters v. Electrolux Home Prods., Inc.*, 2016 WL 3926431, at *4 (N.D.W. Va. July 18, 2016)) (emphasis added). That demanding standard is not met here.

The First Amended Complaint ("FAC") makes a prima facie case for class certification under Federal Rule of Civil Procedure 23 by setting forth allegations of uniform, platform-wide, and cross-platform misconduct: that Stake.us uniformly misrepresents itself as a "social casino" offering a "safe and free gaming experience" when it operates as an illegal online gambling enterprise (ECF No. 9 (FAC) ¶¶ 3–4, 58–63); that Moving Defendants engaged in a coordinated RICO enterprise involving wire fraud, with co-Defendants Aubrey Drake Graham ("Drake"), Adin Ross , and George Nguyen involving wire fraud by music streaming manipulation, operation of an illegal gambling business, and money laundering (FAC ¶¶ 105-35, 148–63); and that Plaintiffs and the proposed Class suffered common financial injuries traceable to this common course of conduct (FAC ¶¶ 144–47, 158). The FAC further alleges that class members are easily ascertainable through Stake.us's own records (FAC ¶¶ 141, 143) and that common questions of law and fact predominate. (FAC ¶¶ 144).

By contrast, Moving Defendants have not demonstrated that certification is foreclosed as a matter of law. (Mov. Br. at 5). They ask this Court to take the drastic and disfavored step of

1

striking a portion of a pleading before Plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification. Their Motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are eight Virginia citizens who created accounts on Stake.us. FAC ¶¶ 14, 24-25, 39. Since at least 2022, Stake.us has operated what Plaintiffs allege is one of the largest illegal online gambling operations in American history. FAC ¶ 45. The platform offers nearly 2,000 casino games and permits players to place bets using specialized virtual currencies—Gold Coins and Stake Cash—where Stake Cash can be redeemed for cryptocurrency or digital gift cards at a rate of one Stake Cash to one U.S. Dollar. FAC ¶¶ 5–6, 51–52.

Despite operating as a functional online casino, Stake.us uniformly represents in its Terms and Conditions that it does "not offer real money gambling" and that "no purchase or payment is necessary to participate or play [Stake.us] games." FAC ¶ 58. Its homepage claims it provides "the ultimate social, safe and free gaming experience." FAC ¶ 59. These representations are made uniformly to all users through the platform's website and Terms and Conditions—not through individualized communications.

Defendants Drake and Ross promoted the platform through high-profile livestreams, using house money provided by Stake to create the false impression that they were gambling with their own funds. FAC ¶¶ 8–9, 72–80. Plaintiffs allege they signed up for Stake accounts in reliance on Drake's endorsement and promotional content depicting Stake.us as a legitimate platform, and would not have signed up or spent money had they known the truth. FAC ¶¶ 14–15, 88, 91.

Plaintiffs assert claims under RICO, 18 U.S.C. § 1962(c)–(d), and the Virginia Consumer Protection Act ("VCPA"), Va. Code § 59.1-196 *et seq. See* FAC ¶ 27. The FAC was filed on

2

February 24, 2026. Moving Defendants have filed the instant Motion on May 6, 2026—before any discovery has occurred.

## ARGUMENT

### I.    MOVING DEFENDANTS' MOTION UNDER RULE 12(F) IS PROCEDURALLY IMPROPER

As a threshold matter, Moving Defendants' Motion under Rule 12(f) is procedurally improper. In *Oliver v. Navy Federal Credit Union*, the Fourth Circuit clarified that the proper procedure for challenging class certification—at the pleading stage or otherwise—is to "make a motion to deny class certification under 23(c)(1)(A), coupled with a motion to strike under 23(d)(1)(D) should the motion to deny class certification be granted." 167 F.4th 106, 111 (4th Cir. 2026). Because Rule 12(f) does not mention class actions or Rule 23, and does not comport with Rule 23's certification requirements, it is not the appropriate vehicle for this motion. *See id.* at 111-12 ("We conclude that Rule 12(f) has nothing to do with those questions and that exclusive reliance on Rule 23(d)(1)(D) omits a critical step.").

### II.    MOVING DEFENDANTS HAVE NOT MET THEIR BURDEN TO STRIKE THE CLASS ALLEGATIONS

Even if 12(f) were appropriate here, motions to strike are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations omitted). To prevail, "the movant must show that the challenged material 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the [plaintiff].'" *Dix v. Constr. Metal Prods., Inc.*, 2016 WL 4435276, at *1 (W.D. Va. Aug. 19, 2016) (quoting *Jackson v. United States*, 2015 WL 5174238, at *1 (S.D.W. Va. Sept. 2, 2015)). The court "must view the pleading under attack in a light most favorable to the pleader." *Dix*, 2016 WL 4435276, at *1 (citing *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D.W. Va. 1993)).

3

Motions to strike *class allegations* are "even more disfavored because [they] require[ ] a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *McArdle Fam. P'ship v. Antero Res. Corp.*, 2024 WL 1287617, at *6 (N.D.W. Va. Mar. 26, 2024) (quoting *Blagman v. Apple Inc.*, 2013 WL 2181709, at *2 (S.D.N.Y. May 20, 2013)).

The Fourth Circuit has long held that "it is seldom, if ever, possible to resolve class representation questions from the pleadings . . . ." *Int'l Woodworkers of Am., AFL-CIO, CLC v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1268 (4th Cir. 1981). A district court "act[s] prematurely in denying class certification" when it does so "before discovery ha[s] occurred." *Goodman v. Schlesinger*, 584 F.2d 1325, 1332 (4th Cir. 1978). As the Fourth Circuit recently confirmed, "a court may *deny* class certification at the [pleading] stage only if the complaint's class action allegations show 'non-compliance with [Rule] 23 as a matter of law.'" *Oliver*, 167 F.4th at 112 (quoting *Goodman*, 584 F.2d at 1332).

District courts in this Circuit have consistently applied this principle. *See Mullin v. Capital One Services, LLC*, 2025 WL 2772478, at *15 (E.D. Va. Sept. 26, 2025) (denying motion to strike class allegations as premature); *Fobbs v. Hunt*, 2021 WL 1792087, at *14 (E.D. Va. May 5, 2021) ("Defendants' arguments regarding class certification are largely premature at this stage."); *Albert v. Global TelLink Corp.*, 2025 WL 1650397, at *16 (D. Md. June 11, 2025) (declining to "consider this challenge to class certification within the context of the pending motions to dismiss").

Moving Defendants concede this standard—that class allegations may be stricken only where "the pleadings make clear that the proposed class cannot be certified and *no amount of discovery* would change that determination." *Waters v. Electrolux Home Prods., Inc.*, 2016 WL

4

3926431, at *4 (N.D.W. Va. July 18, 2016) (emphasis added). They have not and cannot make such a showing here.

### A. Plaintiffs Have Plausibly Alleged All Rule 23(a) Prerequisites

Rule 23(a) requires that a prospective class satisfy four prerequisites: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

At the pleading stage, Plaintiffs need only allege facts sufficient to make a prima facie showing of Rule 23 compliance. *See Oliver*, 167 F.4th at 113; *Goodman*, 584 F.2d at 1332. It is a "relatively low bar." *Hogans v. Charter Commc'ns, Inc.*, 563 F. Supp. 3d 464, 483 (E.D.N.C. 2021). The FAC meets that standard as to every element.

### 1. Commonality

Rule 23(a)(2) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The FAC identifies at least six common questions of law and fact (FAC ¶¶ 144(a)–(f)), each "capable of classwide resolution" within the meaning of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). These include whether Stake.us constitutes an illegal gambling platform, whether Defendants engaged in unfair or deceptive practices through uniform platform statements, whether Defendants' conduct constitutes RICO predicate acts, and whether liability and damages can be established through common platform data and financial tracing. FAC ¶¶ 144(a)–(f). Each presents a "common contention" whose resolution "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. Unlike the decentralized, discretionary employment decisions at issue in *Dukes*, the FAC here alleges a single, centralized platform with uniform transactional structures and uniform representations to all users.

### 2. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied where "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)). The FAC alleges that all eight named Plaintiffs signed up for Stake accounts in reliance on Drake's endorsement (FAC ¶¶ 14, 88); that they would not have signed up or spent money had they known the truth about the platform's illegality (FAC ¶¶ 15, 91); that they purchased and wagered Gold Coins or Stake Cash (FAC ¶ 156(b)); and that they suffered financial losses (FAC ¶ 158(a)). These are the same injuries alleged on behalf of the class, arising from the same platform-wide misconduct. Typicality is plausibly alleged.

Moving Defendants' typicality challenge—that the class definition includes persons who "accessed" Stake.us while named Plaintiffs signed up for accounts—does not defeat typicality at the pleading stage. This is a curable definitional refinement, not an incurable conflict. Moving Defendants also assert that the FAC does not allege Plaintiffs purchased and wagered Gold Coins or Stake Cash, but this is demonstrably false. The FAC expressly alleges that Plaintiffs "purchased and wagered Gold Coins or Stake Cash, or some combination of both, on the casino games" (FAC ¶ 156(b)), and that Plaintiffs "suffered financial losses for the amount they paid stake.us for Gold Coins or Stake Cash, as well as the money lost on that gambling." FAC ¶ 158(a).

### 3. Adequacy.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The FAC alleges that "Plaintiffs will fairly and

6

adequately represent and protect the interests of the Class" and that "[c]ounsel who represents Plaintiffs are competent and experienced in litigating large consumer class actions." FAC ¶ 146. The named Plaintiffs' interests are fully aligned with those of absent class members: all seek relief regarding the same allegedly unlawful gambling structure. FAC ¶¶ 145–46. No conflict is apparent from the FAC. Defendants point to no antagonism beyond the "accessed" language—a curable refinement issue, not a structural adequacy defect. *See Fobbs*, 2021 WL 1792087, at *16 (holding "it is inappropriate to constrain the parties to the class definition propounded in the plaintiff's pleadings" given "the ongoing refinement and give-and-take inherent in class action litigation").

### 4. Numerosity.

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Defendants do not contest numerosity, and for good reason: Stake.us is alleged to be "one of the largest and most profitable illegal online casinos" in the country. FAC ¶ 2.

In sum, the FAC satisfies each of Rule 23(a)'s four requirements at the pleading stage. The class comprises thousands of identifiable members, their claims share common questions whose resolution will drive the litigation, the named Plaintiffs suffered the same type of injury through the same course of conduct, and their interests are aligned with those of the class. Defendants have not shown that any of these requirements fails "as a matter of law." *Goodman*, 584 F.2d at 1332.

### B. *Moving Defendants Cannot Demonstrate That Individualized Issues Will Predominate*

Moving Defendants argue that individualized reliance and damages issues will predominate, foreclosing certification under Rule 23(b)(3). *See* Mov. Br. at 3, 4-5, 7. They are wrong on both counts. Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P.

23(b)(3). The predominance requirement "is similar to but 'more stringent' than the commonality requirement of Rule 23(a)." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006) (quoting *Lienhart*, 255 F.3d at 146 n.4). However, "every issue need not be common to all class members"; rather, "the common issues must predominate over the individual ones." *Fobbs*, 2021 WL 1792087, at *16.

### 1. Reliance

Moving Defendants' argument that Plaintiffs fail to adequately allege facts supporting a findings of reliance on their RICO and VCPA claims is unavailing. As to RICO, Moving Defendants' premise is materially overstated. Under *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639, 649, 661 (2008), "a plaintiff asserting a RICO claim predicated on mail fraud need not show, either as an element of its claim or as a prerequisite to establishing proximate causation, that it relied on the defendant's alleged misrepresentations." The Supreme Court held unanimously that "first-party reliance is not required" because "the predicate act here is not common-law fraud, but mail fraud—a statutory offense unknown to the common law." *Id.* at 642, 648–49, 656. The Fourth Circuit applied *Bridge* in *Albert v. Global TelLink Corp.*, 68 F.4th 906, 911 (4th Cir. 2023), holding that plaintiffs who alleged a RICO scheme involving misrepresentations to third parties sufficiently alleged proximate causation.

Here, the FAC alleges RICO predicates including operation of an illegal gambling business (18 U.S.C. § 1955), wire fraud concerning the legality of Stake.us (18 U.S.C. § 1343), wire fraud concerning streaming manipulation, and money laundering (18 U.S.C. §§ 1956, 1957). FAC ¶ 156. Common causation can focus on the uniform, allegedly unlawful gambling product, platform records, and financial tracing—rather than each user's subjective reaction to promotional statements.

As to VCPA, Moving Defendants cite no authority in this Circuit striking class allegations *at the pleading stage* for consumer protection claims sounding in fraud. In fact, courts in this Circuit have done exactly the opposite. In *Berl v. BMW of North America, LLC*, the court denied a motion to strike class allegations in a VCPA fraud case, holding that "it is not apparent or 'plain' from the face of the complaint whether a class action can or cannot be maintained in this litigation" and that "it would be premature to strike Plaintiffs' class allegations without the benefit of discovery or an evidentiary hearing on the certification question." 797 F. Supp. 3d 621, 634 (W.D. Va. 2025). Similarly, in *Albert v. Global TelLink Corp.*, the court denied a motion to strike class allegations in a RICO and antitrust case involving alleged misrepresentations to consumers, holding that the "motion to strike [was] premature," even though defendant argued—just as Moving Defendants argue here—that individualized questions would predominate. 2025 WL 1650397, at *16-17.

Accordingly, Moving Defendants fail to demonstrate that reliance is an individualized inquiry that would preclude certifying a class in this matter.

### 2. Damages

Moving Defendants also argue that VCPA's provisions affording only actual damages require striking the class allegations at this early stage. Mov. Br. at 7. Again, this argument fails in light of *Berl*, in which the court declined to do just that. 797 F. Supp. 3d at 634. Moving Defendants' reliance on *Woodward v. GEICO Advantage Ins. Co.,* 2022 WL 2953053, at *14 (D. Md. July 25, 2022) is misplaced. Moving Defendants misread *Woodward*, which did not articulate a per se rule regarding predominance of individualized damages in consumer protection actions. Rather, the court in *Woodward* struck plaintiff's class allegation because he had *only* pleaded entitlement to statutory damages, which the class members would *not* be entitled to under New

9

Mexico's consumer protection law. *Id.* at 14. There is no such pleading deficiency here. *See* FAC ¶¶ 158(a), 168-69. "Moreover, even if later the Court determines that the damages for each class plaintiff require individualized proof better suited for separate proceedings, it constitutes a not-uncommon step in class actions to certify a class-wide liability phase followed by a more individualized damages phase." *Fobbs*, 2021 WL 1792087, at \*15.

Moving Defendants have failed to demonstrate as a matter of law that individualized issues will predominate.

### C. *Moving Defendants Have Not Shown That Monetary Relief Predominates Over Equitable Relief*

Rule 23(b)(2) permits class certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360. Certification is "inappropriate" only "[w]here monetary relief predominates"—not merely where monetary relief is present alongside equitable claims. *Berry v. Schulman*, 807 F.3d 600, 609 (4th Cir. 2015).

Moving Defendants' argument that Plaintiffs "primarily seek monetary relief" (Mov. Br. at 3) conflates the *existence* of damages claims with the *predominance* of damages. Notably, Moving Defendants concede that the declaratory relief "would not redress Plaintiffs' claimed financial losses" (Mov. Br. at 3–4)—but this confirms that the equitable relief serves an independent purpose: securing class members' right to access courts, free from an allegedly void adhesion contract. Rule 23(b)(2) does not require that equitable relief monetarily compensate class

members; it requires only that such relief "is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Moving Defendants' authorities are distinguishable. *Dukes* involved back-pay claims requiring individualized statutory defenses (564 U.S. at 366–67), whereas Plaintiffs' declaratory relief requires no individualized assessment. *Stanley v. Central Garden & Pet Corp.*, involved a complaint identifying no meaningful injunctive relief (891 F. Supp. 2d 757, 770 (D. Md. 2012)— unlike this case, where Count IV is devoted entirely to equitable claims. Further, whether damages predominate over equitable relief cannot be definitively resolved at the pleading stage. *See Fobbs*, 2021 WL 1792087, at *12. And even if the Court harbored concerns about (b)(2), that would not justify striking all class allegations; the FAC seeks certification under Rule 23(b)(2) "and/or 23(b)(3)" (FAC ¶ 184(a)), and a potential defect in one pathway does not warrant eliminating an alternative. *See Oliver*, 167 F.4th at 115.

## III.     ANY PURPORTED DEFICIENCIES CAN BE ADDRESSED THROUGH DISCOVERY AND CLASS REFINEMENT

Even if the Court identifies concerns with certain aspects of the class allegations, the appropriate remedy is not striking all class allegations. "[T]he fail-safe problem . . . can and often should be solved by refining the class definition rather than by flatly denying class certification." *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 825 (7th Cir. 2012); *see also Melton ex rel. Dutton v. Carolina Power & Light Co.*, 283 F.R.D. 280, 289 (D.S.C. 2012) ("[I]t is better in these circumstances, when practical and possible, to refine the class definition before flatly denying class certification on that basis."); *Bryant v. King's Creek Plantation, L.L.C.*, 2020 WL 6876292, at *4 (E.D. Va. June 22, 2020) (granting leave to amend fail-safe class definitions rather than striking class allegations outright).

11

If the Court is concerned about a nationwide VCPA class, Plaintiffs have pleaded an alternative Virginia class. FAC ¶ 138. If the Court is concerned about the "accessed Stake.us" language, Plaintiffs can narrow the class to registered account holders or purchasers who wagered Stake Cash. In either event, Defendant Stake has made clear in its filings that it knows who the registered users are, and from where they come. Should the Court have any concern about the scope or phrasing of the proposed class, the proper course is to afford Plaintiffs leave to amend— not to impose the drastic and disfavored remedy of striking all class allegations before discovery has even commenced.   Moreover, the Court should permit Plaintiffs limited jurisdictional discovery to obtain from Stake all registered users within the Commonwealth before deciding if Rule 23 is satisfied for pleading purposes.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Moving Defendants' Motion.

Dated: May 27, 2026

12

**IMPRESA LEGAL GROUP**

*/s/ George E. Kostel*
George E. Kostel, Esq. (VSB # 34757)
Richard K. Kelsey, Esq. (VSB # 44232)
Impresa Legal Group
3101 Wilson Blvd., Suite 500
Arlington, VA 22201
Tel: (703) 842-0660
Fax : (703) 243-8696
Email: georgekostel@impresalegal.com
Email: richkelsey@impresalegal.com

**LAW OFFICES OF KIMBERLY HINKLE**

/s/ Kimberly D. Hinkle
Kimberly D. Hinkle (Bar No. 20936) (admitted *pro hac vice*)
13920 N Western Avenue
Edmond, OK 73013
Tel: (405) 639-8150
Email: kim@khinklelaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, I served Plaintiffs' Opposition to Stake's Motion

to Strike the Class through the electronic filing system, which will then send a Notice of

Electronic Filing to all counsel of record.

*/s/  George E. Kostel*
George E. Kostel, Esq. (VSB No. 34757)

13